**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RODNEY CHRISTIAN GEORGE
CREMER,

Defendant-Appellant.

No.  17-10222

D.C. No. 1:15-cr-00634-LEK-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted June 12, 2018[**]

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges

Rodney Christian George Cremer challenges the 150-month sentence

following his guilty-plea conviction for conspiracy to distribute and possess with

intent to distribute methamphetamine, attempt to possess methamphetamine with

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

intent to distribute, and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and structuring transactions to evade reporting requirements, in violation of 31 U.S.C. § 5324(a)(3), (d)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Cremer contends that there was insufficient evidence to support the district court's imposition of a four-level enhancement on the drug charges and a two-level enhancement on the structuring charges for his aggravating role in the offenses under U.S.S.G. § 3B1.1. He also argues that the district court erred by imposing both enhancements. A district court's application of the Guidelines to the facts of a case is reviewed for abuse of discretion, and its underlying factual findings are reviewed for clear error. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The district court did not abuse its discretion by imposing the four-level enhancement because the record reflected that Cremer was a primary source of supply for large methamphetamine distributors, and specifically directed others to help obtain and distribute that methamphetamine. *See* U.S.S.G. § 3B1.1 cmt. n.4; *United States v. Ingham*, 486 F.3d 1068, 1075 (9th Cir. 2007) (applying four-level enhancement when defendant's role is "that of organizing or leading a drug distribution conspiracy"). Nor did the district court err in relying on Cremer's co-

conspirators' statements in the presentence report regarding his role because the statements were consistent with each other and supported by other evidence in the record. *See Ingham*, 486 F.3d at 1076 ("[H]earsay is admissible at sentencing, so long as it is accompanied by some miminal indicia of reliability."). Moreover, the district court satisfied its obligations under Federal Rule of Criminal Procedure 32 in ruling on Cremer's objection to the enhancement. *See id.* at 1075–76.

The district court also properly imposed the two-level enhancement for the structuring charges because the record showed that Cremer directed his romantic partner to deposit drug-dealing proceeds into his bank account. *See United States v. Beltran*, 165 F.3d 1266, 1271 (9th Cir. 1999) (upholding § 3B1.1(c) enhancement based on single instance of directing two individuals to pick up methamphetamine from defendant's residence). Moreover, the district court did not err in imposing both the two-level enhancement and the four-level enhancement because the two enhancements applied to different conduct and reflected distinct harms. *See United States v. Martin*, 278 F.3d 988, 1005 (9th Cir. 2002). In any event, any error with respect to the two-level enhancement was harmless because it did not affect the Guidelines range. *See United States v. Seljan*, 547 F.3d 993, 1007 (9th Cir. 2008) (en banc).

**AFFIRMED.**